FILED

**NOT FOR PUBLICATION**

AUG 15 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLARD MICHAEL CHRISTINE; PATRICIA ETHEL BORGIA, | No. 10-72997 |
| Petitioners - Appellants, | Tax Ct. No. 15410-08 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Willard Michael Christine and Patricia Ethel Borgia appeal pro se from the

Tax Court's decision, following a bench trial, upholding the Commissioner of

Internal Revenue's ("CIR") determination of a deficiency for tax year 2005.  We

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 26 U.S.C. § 7482(a). We review for clear error the Tax Court's determination that a taxpayer has not met his burden to substantiate a deduction. *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007). We affirm.

The Tax Court did not clearly err in determining that petitioners failed to produce sufficient evidence to demonstrate their entitlement to claimed deductions, including those for expenses relating to travel, entertainment, a laptop computer, dry cleaning, and a home office. *See id.* (taxpayer bears burden of showing right to claimed deduction); *see also* 26 U.S.C. § 162(a) (permitting deduction of certain "ordinary and necessary" business expenses); *id.* at §§ 274(d), 280F(d)(4)(A)(iv) (setting forth substantiation requirements for claimed deductions for travel, entertainment, and computer expenses); *id.* at § 280A(c)(1) (setting forth limited business use exceptions to general prohibition on deductions with respect to taxpayer's residence).

Petitioners' contentions concerning the allegedly unfair process they received before the CIR and the Tax Court are unpersuasive.

**AFFIRMED.**

10-72997