T.C. Memo. 2013-287

UNITED STATES TAX COURT

ARTHUR MASON DUPRE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2793-12.                     Filed December 19, 2013.

Arthur Mason DuPre, pro se.

<u>Sze Wan Florence Char</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined the following deficiencies in

petitioner's Federal income tax and accuracy-related penalties pursuant to section

6662(a)[1] for his 2007 and 2008 tax years:

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2007 | $18,149 | $3,630 |
| 2008 | 14,555 | 2,911 |

After petitioner's concessions,[2] the remaining issues that we must decide are (1) whether petitioner is entitled to deduct on Schedule A, Itemized Deductions, expenses of $35,311[3] and $35,358 for his 2007 and 2008 tax years, respectively; (2) whether petitioner is entitled to deduct on Schedule C, Profit or Loss From Business, expenses of $55,722 and $33,470[4] for his 2007 and 2008 tax years,

_____

[1](...continued) Code of 1986, as amended (Code) and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2]In the notice of deficiency respondent determined that petitioner had not included interest income of $200 in his 2008 taxable income. The parties have stipulated that petitioner received the taxable interest income during his 2008 tax year and that petitioner did not report that income on his 2008 Federal income tax return. Petitioner makes no additional claims with regard to that income. Accordingly, we deem petitioner to have conceded this issue. See Rule 149(b).

[3]On his 2007 Federal income tax return petitioner incorrectly reports total Schedule A expenses of $35,311. However, we believe that petitioner made a mathematical error of $5, and the correct tally of amounts reported is $35,306.

[4]On his 2008 Federal income tax return, petitioner incorrectly reports total Schedule C expenses of $33,470. However, we believe that petitioner made a mathematical error of $100, and the correct tally of amounts reported is $33,370.

**[*3]** respectively; and (3) whether petitioner is liable for the accuracy-related penalties pursuant to section 6662(a) for his 2007 and 2008 tax years.[5]

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulated facts are incorporated in this opinion by reference and are found accordingly. Additionally, petitioner is deemed to have admitted undenied allegations set forth in respondent's requests for admissions. See Rule 90(c). At the time of filing the petition, petitioner resided in New Jersey.

During 2007 and 2008, petitioner was a part-time professor of mathematics and computer science at Felician College in Lodi, New Jersey; Rutgers University at Newark, New Jersey; the College of New Jersey in Ewing, New Jersey; Rider University in Lawrenceville, New Jersey; and William Paterson University of New Jersey in Wayne, New Jersey (collectively, colleges). Petitioner taught classes up to six days per week; he spent approximately 60 hours per week teaching and 30 hours per week grading student material, preparing lectures, researching, and traveling to, from, and between colleges. Petitioner maintained a Web site for some of the courses that he taught, but colleges managed enrollment of students

---

[5]The remaining adjustments in the notice of deficiency are computational and will be resolved by our holdings on the aforementioned issues. Consequently, we do not specifically address the remaining adjustments in this opinion.

[*4] and dictated class schedules, subjects to be covered, and course duration. All but one of colleges provided books and other materials for petitioner's classes. The colleges provided petitioner with shared office space. Petitioner was paid a fixed amount for each class that he taught, and each of the colleges reported petitioner's earnings to him on a Form W-2, Wage and Tax Statement.

On his 2007 and 2008 Federal income tax returns petitioner reported on Schedules A the following unreimbursed employee expenses that he claims are related to his employment with colleges:

| Schedule A expense | 2007 | 2008 |
| --- | --- | --- |
| Course-related books | $5,763 | $5,840 |
| Home office expenses: | | |
| Secretarial word processing | 6,400 | 6,400 |
| Desktop computer | 2,684 | 1,843 |
| Printer | 325 | 142 |
| Computer software | 5,027 | 5,135 |
| Rent | 3,450 | 3,553 |
| Electricity | 824 | 867 |
| Office supplies | 1,242 | 1,356 |
| Telephone and cable modem | 2,132 | 2,263 |
| New Brunswick Library copy services | 2,046 | 1,731 |

**[*5]**

| | | |
|---|---|---|
| Travel | 3,229 | 3,628 |
| Meals | 2,184 | 2,600 |
| Total | 35,306 | 35,358 |

During 2007 and 2008, petitioner also attempted to restart his flute making shop at which he created flutes from bamboo and other raw materials. Petitioner sold some of the flutes at a flea market, but he also gave some to friends. Petitioner also used some of the bamboo and other raw materials to make other instruments and furniture. From 2002 to 2006, petitioner did not generate any profit from his flute making and selling. Petitioner did not track or record the number of hours he spent flute making, the prices he charged for finished flutes and other instruments, the flutes and other instruments that he sold, the inventory of raw materials to finished products, or the expenses that he incurred. Petitioner did not create a separate bank account for his flute making activity, advertise his finished products, or maintain a Web site.

On his 2007 and 2008 Federal income tax returns petitioner reported on Schedules C the following expenses that he claims are related to his flute making activity:

[*6]

| Schedule C expense | 2007 | 2008 |
|---|---|---|
| Electricity | $1,563 | $1,420 |
| Rent | 8,600 | 8,600 |
| Bamboo | 18,000 | 8,920 |
| Lacquer and polyurethane | 1,842 | 1,620 |
| Propane | 848 | 1,200 |
| Shop furniture and equipment | 8,654 | 3,840 |
| Musical tuning and recording equipment | 3,880 | 1,930 |
| Miscellaneous tool and supplies | 12,335 | 5,840 |
| Total | 55,722 | 33,370 |

Throughout 2007 and 2008, petitioner had no savings but provided financial support to and performed household chores for his former girlfriend and her 24-year-old son, who has cerebral palsy. Petitioner testified that he paid her rent for use of her basement as his flute making workspace. During 2008, petitioner alleges, the basement flooded, ruining his receipts and equipment. However, neither petitioner nor his former girlfriend filed an insurance claim for the flood damage.

On October 25, 2011, respondent issued petitioner a notice of deficiency regarding his 2007 and 2008 tax years, determining an income tax deficiency and an accuracy-related penalty pursuant to section 6662(a) for each year. On

[*7] January 30, 2012, petitioner's petition was filed with this Court, challenging respondent's contentions.[6]

## OPINION

### I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if: (1) the taxpayer introduces credible evidence with respect to that issue and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings. Sec. 7491(a)(2); see also Rule 142(a)(2). The taxpayer bears the burden of

---

[6]We note that petitioner failed to comply with the Court's orders to file a posttrial brief. When a party fails to file a brief altogether, such a failure has been held by this Court to justify the dismissal of all issues as to which the nonfiling party has the burden of proof. See Rule 123; Stringer v. Commissioner, 84 T.C. 693 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). While we are unwilling to enter a default judgment against petitioner for failure to file a brief, we view his failure as an indication of his tenuous position with regard to the issues in question. See McGee v. Commissioner, T.C. Memo. 2000-308, 2000 WL 1434240, at *6.

**[\*8]** proving that the taxpayer has met the requirements of section 7491(a).  <u>Rolfs v. Commissioner</u>, 135 T.C. 471, 483 (2010), <u>aff'd</u>, 668 F.3d 888 (7th Cir. 2012).

Petitioner did not argue that the burden should shift, and he failed to comply with the substantiation and cooperation requirements.  Accordingly, the burden of proof remains on petitioner.

## II.    Schedule A Expenses

We first consider whether petitioner is entitled to deduct Schedule A expenses of $35,311 and $35,358 for his 2007 and 2008 tax years, respectively.

### A.    Home Office Expenses

Petitioner claimed home office expense deductions on his 2007 and 2008 Federal income tax returns.  Section 280A(c)(1) permits a deduction for the portion of a residence that is, inter alia, regularly or exclusively used (1) as the principal place of business for any trade or business of the taxpayer or (2)  as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business.  However, if the taxpayer is an employee, the home office must be for the convenience of the employer; it cannot be only a place at which the employee chooses to do some of his work.  Sec. 280A(c)(1) (flush language); <u>Frankel v. Commissioner</u>, 82 T.C. 318, 323, 326 (1984).  Moreover, it must be used exclusively for the employer's

[*9] work and not for personal use.  Sec. 280A(c)(1); Cadwallader v. Commissioner, 919 F.2d 1273, 1275 (7th Cir. 1990), aff'g T.C. Memo. 1989-356.

Petitioner has not proved that his home office was used exclusively in connection with his employment or that the home office was used for the convenience of colleges.  Petitioner's own testimony revealed that colleges provided him with an office and that he likely did not use his home office exclusively for his work for colleges.  Accordingly, petitioner is not entitled to deduct home office expenses pursuant to section 280A(c)(1) on his 2007 and 2008 Federal income tax returns.

B.    Travel, Meal, and Other Expenses

Petitioner claims that the remaining expenses were unreimbursed employee expenses deductible pursuant to section 162.  Section 162(a) permits a taxpayer to deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971).  In order for a taxpayer "to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit."  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).  An expense is ordinary if it is normal, usual, or customary within a

[*10] particular trade, business, or industry or arises from a transaction "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. at 353; Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Section 262(a) disallows deductions for personal, living, or family expenses. See also sec. 1.162-17(a), Income Tax Regs.

The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. See Primuth v. Commissioner, 54 T.C. 374, 377 (1970); Martell v. Commissioner, T.C. Memo. 2013-115, at *24. However, to deduct expenses incurred through the performance of services as an employee, the taxpayer must not have the right to reimbursement for such expenses from his or her employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. Along with other miscellaneous itemized deductions, unreimbursed employee expenses are subject to the 2% of adjusted gross income limitation under section 67(a). See sec. 67(a) and (b).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This includes the burden of

[*11] substantiation. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Martell v. Commissioner, at *24; sec. 1.6001-1(a), (e), Income Tax Regs. Taxpayers must maintain records relating to their income and expenses and must prove their entitlement to all claimed deductions, credits, and expenses in controversy. See sec. 6001; Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; Welch v. Helvering, 290 U.S. at 115.[7] A claimed expense (other than those subjected to heightened scrutiny under section 274[8]) may be deductible even where the taxpayer is unable to fully substantiate it. Christine v. Commissioner, T.C. Memo. 2010-144, 2010

---

[7]One method of substantiating an ordinary and necessary business expense is through "preparation of a daily diary or record of expenditures, maintained in sufficient detail to enable * * * [the employee] to readily identify the amount and nature of any expenditure, and the preservation of supporting documents, especially in connection with large or exceptional expenditures." Sec. 1.162-17(d)(2), Income Tax Regs.

[8]Petitioner claims travel and meal expense deductions on the Schedules A of his 2007 and 2008 Federal income tax returns. Travel expenses, including meals and lodging away from home, are subject to the specific and more stringent substantiation requirements of sec. 274. See sec. 274(d). To deduct these expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) the amount of the expense; (2) the time and place of the travel or meal expenditure; and (3) the business purpose of the expense. Id. However, because we conclude that petitioner has not satisfied the less stringent standard for substantiation of sec. 162 expenses in general, it is unnecessary to further discuss the more stringent substantiation requirements of sec. 274.

**[\*12]** WL 2640125, at \*2, aff'd, 475 Fed. Appx. 259 (9th Cir. 2012). The regulations provide that "[w]here records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditures by approximations based upon reliable secondary sources of information and collateral evidence." Sec. 1.162-17(d)(3), Income Tax Regs. However, there must be sufficient evidence in the record to provide a basis upon which an estimate may be made and to permit us to conclude that a deductible expense, rather than a nondeductible personal expense, was incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Christine v. Commissioner, 2010 WL 2640125, at \*2. In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d at 543-544. In making such an approximation,

> due consideration will be given to the reasonableness of the stated expenditures for the claimed purposes in relation to the taxpayer's circumstances (such as his income and the nature of his occupation), to the reliability and accuracy of records in connection with other items more readily lending themselves to detailed record-keeping, and to all of the facts and circumstances in the particular case.

**[\*13]** Sec. 1.162-17(d)(3), Income Tax Regs. In deciding whether a taxpayer has satisfied his or her burden of substantiating a deduction, we are not required to accept the taxpayer's self-serving, undocumented testimony. Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioner has failed to carry his burden of proof. Although it generally may be "possible to establish the amount of the expenditures by approximations based upon reliable secondary sources of information and collateral evidence", see sec. 1.162-17(d)(3), Income Tax Regs., we conclude that petitioner failed to submit sufficient reliable evidence to provide a basis upon which an estimate could be made and to permit us to conclude that he incurred a deductible expense, rather than a nondeductible personal expense, see Vanicek v. Commissioner, 85 T.C. at 742-743. Petitioner has not submitted any written substantiation whatsoever of the Schedule A expenses reported on his 2007 and 2008 Federal income tax returns but instead admits that he has no such written substantiation. Petitioner relies only on his oral testimony, which we find to be uncorroborated, self-serving, and unreliable. See Tokarski v. Commissioner, 87 T.C. at 77. Moreover, petitioner has failed to prove that his claimed unreimbursed employee business

[*14] expenses were, in fact, not reimbursable.[9] See Orvis v. Commissioner, 788

F.2d at 1408. Accordingly, we conclude that petitioner is not entitled to deduct

Schedule A unreimbursed employee expenses of $35,311 and $35,358 for his

2007 and 2008 tax years, respectively.

III.   Schedule C Expenses

We next consider whether petitioner is entitled to deduct Schedule C

expenses of $55,722 and $33,470 for his 2007 and 2008 tax years, respectively.[10]

Petitioner claims that these expenses were related to his flute making activity and

are deductible as either ordinary and necessary trade or business expenses

pursuant to section 162 or as expenses incurred in transactions entered into for

---

[9]At trial petitioner alleged for the first time that he was not an employee but an independent contractor. Petitioner did not raise this matter in his petition or amend his pleadings to include it. We do not consider an issue that has not been pleaded. See, e.g., Frentz v. Commissioner, 44 T.C. 485, 491 (1965), aff'd, 375 F.2d 662 (6th Cir. 1967); Sicanoff Vegetable Oil Corp. v. Commissioner, 27 T.C. 1056, 1066 (1957) (and the cases cited threat), rev'd on other grounds, 251 F.2d 764 (7th Cir. 1958). This is particularly true in a case like this where the issue cannot be considered without surprise and prejudice to the other party. See Estate of Mandels v. Commissioner, 64 T.C. 61, 73 (1975). Accordingly, we will not consider petitioner's allegation that he was an independent contractor.

[10]In the notice of deficiency, respondent fully disallowed the Schedule C expenses for both his 2007 and 2008 tax years but allowed petitioner to deduct on his Schedule A the flute making expenses for his 2007 taxable year to the extent of the gross receipts amount of $13,264. As is the case with other Schedule A expenses, the allowed deduction is subject to the 2% of adjusted gross income limitation pursuant to sec. 67(a).

**[*15]** profit pursuant to section 212.  Respondent contends that petitioner is not entitled to a deduction because he failed to properly substantiate these expenses and because the expenses are not deductible pursuant to section 183.[11]

As we stated above, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions, including the burden of substantiation.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; Hradesky v. Commissioner, 65 T.C. at 89; Martell v. Commissioner, at *24; sec. 1.6001-1(a), (e), Income Tax Regs.  Petitioner has failed to carry that burden.  As was the case with his Schedule A expenses, petitioner has not submitted any written substantiation of the Schedule C expenses reported on his 2007 and 2008 Federal income tax returns and relies only on his oral testimony, which we find to be uncorroborated, self-serving, and unreliable.  See Tokarski v. Commissioner, 87 T.C. at 77.  Petitioner admits that he did not maintain records as he should have and instead depended on his own unreliable estimates to track costs, inventory, merchandise prices, and hours spent flute making.  Petitioner could not produce bank records because he did not maintain a

---

[11]Generally, sec. 183 limits the deductions for an "activity not engaged in for profit" to the amount of gross income received from the activity.  Sec. 183(a) and (b).  We do not consider whether petitioner engaged in his flute making activity for profit because we sustain respondent's disallowance of petitioner's Schedule C expenses on account of petitioner's lack of substantiation.

[*16] separate bank account for his flute making activity; and he could not produce credit card statements because he paid all of his expenses with cash or checks.

Petitioner alleges that his minimal records from his flute making activity, which consisted of receipts, were destroyed in a flood during 2008. If a taxpayer's records are no longer available on account of circumstances beyond the taxpayer's control, such as a fire, flood, or other casualty, then the taxpayer is expected to substantiate deductions by records reconstructed through contacts with third parties and other reasonable means. Gizzi v. Commissioner, 65 T.C. 342, 345 (1975); Fernandez v. Commissioner, T.C. Memo. 2011-216, 2011 WL 3875061, at *2. Petitioner not only failed to provide any reconstruction of the lost receipts; he also has not proved that there was a flood. Petitioner did not offer into evidence any insurance claim or elicit testimony from his former girlfriend who owned the house in which the flood occurred. He relies only on his own testimony, through which he admits that the flood is not listed in the city's records and that the flood was not a flood, but a "particular water circumstance".

We conclude that petitioner has not properly substantiated his expenses related to his flute making activity and, consequently, that petitioner is not entitled

**[\*17]** to deduct Schedule C expenses of $55,722 and $33,470 for his 2007 and 2008 tax years, respectively.

IV.     Accuracy-Related Penalties

Section 6662(a) imposes an accuracy-related penalty of 20% of any portion of an underpayment that is attributable to causes specified in subsection (b). Subsection (b) applies the penalty to any underpayment attributable to, inter alia, a "substantial understatement" of income tax. An "understatement" is the excess of the amount of tax required to be shown on the return over the amount of tax that is actually shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). A "substantial understatement" of income tax exists if the amount of the understatement for the taxable year exceeds the greater of (1) 10% of the tax required to be shown on the return or (2) $5,000. Sec. 6662(d)(1)(A).

Generally, the Commissioner bears the burden of production with respect to any penalty, including the accuracy-related penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, 116 T.C. at 446. However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is

**[*18]** inappropriate because of substantial authority or reasonable cause under section 6664. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-449.

Respondent contends that the section 6662 penalties for petitioner's 2007 and 2008 tax years are justified on the basis of substantial understatement of income tax.[12] See sec. 6662(b)(2). For his 2007 tax year petitioner reported a tax liability of $5,295 and respondent determined a correct tax liability of $23,444. Petitioner understated his tax liability by $18,149, an amount which exceeds $5,000, which is greater than $2,344, 10% of the amount required to be shown on their return. For his 2008 tax year petitioner reported a tax liability of $14,264 and respondent determined a correct tax liability of $28,819. Petitioner understated his tax liability by $14,555, an amount which exceeds $5,000, which is greater than $2,882, 10% of the amount required to be shown on their return. Accordingly, we

---

[12]Respondent also contends that petitioner was negligent because he failed to substantiate any of his Schedule A and Schedule C expenses for his 2007 and 2008 tax years. However, only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to more than one of the types of misconduct described in sec. 6662. Jaroff v. Commissioner, T.C. Memo. 2004-276, 2004 WL 2809568, at *6 (citing sec. 1.6662-2(c), Income Tax Regs.). Because we conclude that petitioner is liable for the accuracy-related penalties for substantially understating his income tax for his 2007 and 2008 tax years, it is unnecessary to consider whether petitioner was negligent.

[*19] conclude that respondent met his burden of production in showing that petitioner substantially understated his income tax for his 2007 and 2008 taxable years.

The amount of an understatement on which the penalty is imposed will be reduced by the portion of the understatement that is attributable to the tax treatment of an item (1) that was supported by "substantial authority" or (2) for which the relevant facts were "adequately disclosed in the return or in a statement attached to the return" and "there is a reasonable basis for the tax treatment of such item". Sec. 6662(d)(2)(B). Petitioner does not argue that the amounts of his understatements should be reduced because he had substantial authority for an item or because his position with respect to an item was adequately disclosed. Accordingly, we do not reduce petitioner's understatements pursuant to section 6662(d)(2)(B).

Additionally, section 6664(c)(1) provides that the accuracy-related penalty shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account

**[\*20]** all of the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Taxpayers demonstrate reasonable cause when they exercise ordinary business care and prudence. Richardson v. Commissioner, 125 F.3d 551, 558 (7th Cir. 1997), aff'g T.C. Memo. 1995-554.

Petitioner has not established reasonable cause for the underpayments or that the returns were prepared in good faith. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. Petitioner contends that he had no savings and that he provided financial support to and performed household chores for his former girlfriend and her 24-year-old son, who has cerebral palsy. While we sympathize with petitioner for his financial hardship and commend him for his charitable endeavors, we do not conclude that either his hardship or his charity qualifies as a reasonable cause to excuse his underpayments of tax. Consequently, on the basis of the foregoing, we hold that petitioner is liable for accuracy-related penalties pursuant to section 6662(a) for his 2007 and 2008 tax years.

[*21] V.     Conclusion

In sum, we conclude that (1) petitioner is not entitled to deduct Schedule A expenses of $35,311 and $35,358 for his 2007 and 2008 tax years, respectively; (2) petitioner is not entitled to deduct Schedule C expenses of $55,722 and $33,470 for his 2007 and 2008 tax years, respectively; and (3) petitioner is liable for the accuracy-related penalties pursuant to section 6662(a) for his 2007 and 2008 tax years.  Consequently, we sustain respondent's determinations that petitioner is liable for income tax deficiencies and for accuracy-related penalties for his 2007 and 2008 tax years.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.