T.C. Memo. 2014-119

UNITED STATES TAX COURT

HERMANN CHERIZOL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 811-12.                    Filed June 16, 2014.

Hermann Cherizol, pro se.

<u>Jane J. Kim</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined the following deficiencies in

petitioner's Federal income tax, additions to tax pursuant to section 6651(a)(1),[1]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended (Code) and in effect for the years in issue, and Rule

(continued...)

**[*2]** and accuracy-related penalties pursuant to section 6662(a) for his 2007, 2008,

and 2009 tax years:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|-------------------|-----------------|
| 2007 | $8,095 | $1,699 | $1,619 |
| 2008 | 10,531 | --- | 2,106 |
| 2009 | 12,666 | --- | 2,533 |

The issues for decision are (1) whether we have jurisdiction pursuant to section

6213(a) to consider the instant case; (2) whether petitioner is entitled to deduct

expenses reported on Schedules C, Profit or Loss From Business, of $42,335,

$52,150, and $67,039 for his 2007, 2008, and 2009 tax years (years in issue),

respectively; (3) whether petitioner is entitled to deduct a capital loss carryforward

of $3,000 on Schedule D, Capital Gains and Losses, for each of the years in issue;

(4) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1)

for his 2007 tax year; and (5) whether petitioner is liable for accuracy-related

penalties pursuant to section 6662(a) for the years in issue.[2]

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure. We round all
monetary amounts to the nearest dollar.

[2]The remaining adjustments set forth in the notice of deficiency are
computational and will be resolved by our holdings on the aforementioned issues.
Consequently, we do not specifically address the remaining adjustments in this

(continued...)

[*3]                              FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated.  The parties'

stipulated facts are incorporated in this opinion by reference and are found

accordingly.  At the time of filing the petition, petitioner resided in New York.

During the years in issue petitioner was a train operator with the

Metropolitan Transportation Authority of New York City, where he typically

worked 8 hours per day and 40 hours per week.  Petitioner's commute to work was

approximately 1 hour and 20 minutes.

During the years in issue petitioner also engaged in various activities under

an unincorporated venture that he named "Right Connections".  Petitioner's

activities, each of which he contends should qualify as a trade or business for

Federal income tax purposes, included:  (1) planning, and accompanying models

on, overnight trips to a clothing-optional beach for suntanning; (2) selling comic

books, baseball cards, and other paraphernalia; (3) creating and publishing a book

of restaurant reviews; (4) trading stocks on the Internet; and (5) consulting.

---

**[*4]** On January 20, 2009, respondent received petitioner's Form 1040, U.S. Individual Income Tax Return (tax return), for petitioner's 2007 tax year. Petitioner timely filed tax returns for his 2008 and 2009 tax years. On each of his 2007, 2008, and 2009 tax returns petitioner reported on Schedule C the following expenses that petitioner claims are related to the various activities he pursued under Right Connections:

| Schedule C expense | 2007 | 2008 | 2009 |
|---|---|---|---|
| Wages | $7,235 | $7,600 | $9,316 |
| Meals & entertainment | 2,700 | 3,100 | --- |
| Travel | 4,300 | 5,600 | 6,285 |
| Repairs & maintenance | 1,650 | 2,900 | 4,258 |
| Office | 1,850 | 2,800 | 6,325 |
| Legal & professional | 12,000 | 14,000 | 19,755 |
| Advertising | 10,500 | 13,100 | 17,800 |
| Cost of goods sold | 2,100 | 3,050 | 3,300 |
| Total | 42,335 | 52,150 | 67,039 |

Petitioner also claimed a $3,000 capital loss carryforward on Schedule D of each of his 2007, 2008, and 2009 tax returns. On those tax returns petitioner listed a post office box in New York (New York P.O. box) as his address.

**[*5]**   On November 3, 2011, respondent issued petitioner a notice of deficiency for his 2007, 2008, and 2009 tax years, determining the aforementioned income tax deficiencies, accuracy-related penalties, and addition to tax.  On January 9, 2012, petitioner filed a petition with this Court challenging respondent's determinations.  On the petition, petitioner listed the New York P.O. Box as his address.

## OPINION

I.   Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if:  (1) the taxpayer introduces credible evidence with respect to that issue and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings.  Sec. 7491(a)(2); see also Rule 142(a)(2).  The taxpayer bears the burden of

**[\*6]** proving that the taxpayer has met the requirements of section 7491(a). <u>Rolfs v. Commissioner</u>, 135 T.C. 471, 483 (2010), <u>aff'd</u>, 668 F.3d 888 (7th Cir. 2012).

Petitioner did not argue that the burden should shift, and he failed to comply with the substantiation and cooperation requirements. Accordingly, the burden of proof remains on petitioner.[3]

## II.     Jurisdiction

In his petition, petitioner claims that he did not receive a notice of deficiency and contends that the case should be dismissed, presumably for lack of jurisdiction pursuant to section 6213(a). Petitioner's contention is without merit.

A valid notice of deficiency and a timely petition are essential to this Court's jurisdiction in a deficiency case, and any case in which one or the other is not present must be dismissed. Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C.

---

[3]We note that petitioner failed to comply with the Court's orders to file a posttrial brief. When a party fails to file a brief altogether, the failure has been held by this Court to justify the dismissal of all issues as to which the nonfiling party has the burden of proof. <u>See</u> Rule 123; <u>Stringer v. Commissioner</u>, 84 T.C. 693 (1985), <u>aff'd without published opinion</u>, 789 F.2d 917 (4th Cir. 1986). While we decline to enter a default judgment against petitioner for failure to file a brief, we view his failure as an indication of his tenuous position with regard to the issues in question. <u>See</u> <u>McGee v. Commissioner</u>, T.C. Memo. 2000-308, 2000 WL 1434240, at \*6.

**[*7]** 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A notice of deficiency is valid for purposes of section 6212(a) and section 6213(a), regardless of actual receipt by the taxpayer, if it is mailed to the taxpayer's last known address. Sec. 6212(b)(1); see Yusko v. Commissioner, 89 T.C. 806, 810 (1987); King v. Commissioner, 88 T.C. 1042, 1047(1987), aff'd, 857 F.2d 676 (9th Cir. 1988); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The term "last known address" is well defined in the tax law. A taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return unless the IRS is given clear and concise notification of a different address. Sec. 301.6212-2(a), Proced. & Admin. Regs.

Respondent mailed the notice of deficiency to petitioner's New York P.O. box, which was the same address that petitioner gave on each of his 2007, 2008, and 2009 tax returns, as well as on his petition. Petitioner does not contend that he gave respondent clear and concise notification of a different address. See id. Accordingly, we conclude that petitioner's New York P.O. box was his last known address pursuant to section 6212 and that respondent mailed the notice of

**[\*8]** deficiency to petitioner's last known address.[4] See id. Consequently, we

decline to dismiss the instant case for lack of jurisdiction.

III.   Schedule C Expenses

On Schedules C of his 2007, 2008, and 2009 tax returns petitioner claimed

deductions pursuant to section 162 for various expenses relating to his activities

pursued through Right Connections.  Section 162(a) permits a taxpayer to deduct

the ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business.  See Commissioner v. Lincoln Sav. & Loan Ass'n,

403 U.S. 345, 352 (1971).  In order for a taxpayer "to be engaged in a trade or

business, the taxpayer must be involved in the activity with continuity and

regularity and \* \* \* the taxpayer's primary purpose for engaging in the activity

must be for income or profit."  Commissioner v. Groetzinger, 480 U.S. 23, 35

---

[4]We note that respondent has the burden of proving that the notice of deficiency was properly mailed.  See August v. Commissioner, 54 T.C. 1535, 1536 (1970).  Sec. 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  Respondent presented the mailed notice of deficiency and its certified mail number.  Petitioner does not contend that there was any mailing impropriety. Moreover, petitioner did not stipulate facts, present admissible evidence, or otherwise contend at trial or on brief that he did not receive a notice of deficiency, much less that there was any mailing impropriety.  Accordingly, we conclude that petitioner has conceded that the notice of deficiency was properly mailed.  See Rule 149(b); Cadwell v. Commissioner, 136 T.C. 38, 48-49 (2011), aff'd, 483 Fed. Appx. 847 (4th Cir. 2012).

[*9] (1987).  An expense is ordinary if it is normal, usual, or customary within a particular trade, business, or industry or arises from a transaction "of common or frequent occurrence in the type of business involved."  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is necessary if it is appropriate and helpful for the development of the business.  See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. at 353; Commissioner v. Heininger, 320 U.S. 467, 471 (1943).  Section 262(a) disallows deductions for personal, living, or family expenses.  See also sec. 1.162-17(a), Income Tax Regs.[5]

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  This includes the burden of substantiation.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Martell v. Commissioner, T.C. Memo. 2013-115, at *24; sec. 1.6001-1(a), (e), Income Tax Regs.  Taxpayers must maintain records relating to their income and expenses and must prove their entitlement to all claimed deductions, credits, and expenses in controversy.  See

---

[5]For purposes of the instant opinion, we assume, without deciding, that petitioner's reported Schedule C expenses on his 2007, 2008, and 2009 tax returns, insofar as they are properly substantiated, are trade or business expenses pursuant to sec. 162.

**[\*10]** sec. 6001; Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. at 84;

Welch v. Helvering, 290 U.S. at 115.  Adequate substantiation must establish the

nature, amount, and purpose of a claimed deduction.  Higbee v. Commissioner,

116 T.C.  438, 440 (2001); see also Hradesky v. Commissioner, 65 T.C. at 89-90.

The taxpayer must produce such records upon the Secretary's request.  Sec.

7602(a); see also sec. 1.6001-1(e), Income Tax Regs.

An expense may be deductible even where the taxpayer is unable to fully

substantiate it.  Christine v. Commissioner, T.C. Memo. 2010-144, 2010 WL

2640125, at \*2, aff'd, 475 Fed. Appx. 259 (9th Cir. 2012).  The regulations

provide that "[w]here records are incomplete or documentary proof is unavailable,

it may be possible to establish the amount of the expenditures by approximations

based upon reliable secondary sources of information and collateral evidence."

Sec. 1.162-17(d)(3), Income Tax Regs.  However, there must be sufficient

evidence in the record to provide a basis upon which an estimate may be made and

to permit us to conclude that a deductible expense, rather than a nondeductible

personal expense, was incurred in at least the amount allowed.  Cohan v.

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner,

85 T.C. 731, 742-743 (1985); Christine v. Commissioner, 2010 WL 2640125, at

\*2.  In these instances, the Court is permitted to make as close an approximation

[*11] of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d at 543-544. In making such an approximation,

> due consideration will be given to the reasonableness of the stated expenditures for the claimed purposes in relation to the taxpayer's circumstances (such as his income and the nature of his occupation), to the reliability and accuracy of records in connection with other items more readily lending themselves to detailed record-keeping, and to all of the facts and circumstances in the particular case.

Sec. 1.162-17(d)(3), Income Tax Regs. In deciding whether a taxpayer has satisfied his or her burden of substantiating a deduction, we are not required to accept the taxpayer's self-serving, undocumented testimony. Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

However, certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Travel expenses, meals and entertainment, and expenses relating to certain listed property are subject to the specific and more stringent substantiation requirements of section 274. See sec. 274(d). To deduct such expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the

[*12] taxpayer's own testimony: (1) the amount of the expense; (2) the time and place of the travel or meal expenditure; (3) the business purpose of the expense; and (4) in the case of meals and entertainment, the business relationship between the taxpayer and the persons being entertained. Id. Generally, deductions for expenses subject to the strict substantiation requirements of section 274(d) must be disallowed in full unless the taxpayer satisfies every element of those requirements. Sanford v. Commissioner, 50 T.C. at 827-828; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To substantiate by adequate records, the taxpayer must provide (1) an account book, log, or similar record and (2) documentary evidence, which together are sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. As we have stated, a contemporaneous log is not required, but corroborative evidence used to support a taxpayer's reconstruction of the expenditure "'must have a high degree of probative value to elevate such statement'" to the level of credibility of a contemporaneous record. Larson v. Commissioner, T.C. Memo. 2008-187, 2008 WL 2986387, at *4 (quoting section

**[*13]** 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985)).

To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by documentary evidence or other direct evidence.  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).  To establish the business purpose of an expenditure, however, a taxpayer may corroborate his or her own statement with circumstantial evidence.  Id.

Petitioner claims various expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns.  We review the deductibility of each of petitioner's expenses in turn.

A.    Wages

Petitioner claimed $7,235, $7,600, and $9,316 of wage expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively.  Petitioner has not offered any written substantiation, testimony, or other evidence in support of these expenses.  Consequently, we conclude that petitioner has failed to carry his burden of proving that he is entitled to the claimed deductions for wage expenses.

**[*14]** B.  Meals

Petitioner claimed deductions for $2,700 and $3,100 of expenses related to meals on Schedules C attached to his 2007 and 2008 tax returns, respectively. Petitioner contends that he incurred these expenses while attempting to compile a book of New York restaurant reviews; petitioner alleges that he paid for meals for reviewers who would then review the dining experience.  To substantiate these expenses, petitioner submitted an unsigned sample confidentiality agreement that he contends he used for contracts with the reviewers.  The sample agreement does not substantiate the amount, time, or place of any meals expenses.  Petitioner also submitted self-prepared spreadsheets listing total amounts spent at each restaurant for 2007 and 2008 and sample reviews submitted by the restaurant reviewers. None of the submitted documents indicates, on its own or when viewed with the others, when it was created or provides enough information for us to determine precisely what was purchased or when it was purchased.  Moreover, we question the credibility of the submitted documents because petitioner himself created the spreadsheets and the reviewers failed to sign or otherwise authenticate the submitted reviews.  Accordingly, we do not accept any of the documents as credible evidence of the underlying expenses and, therefore, petitioner has not

[*15] carried his burden of proving that he is entitled to the claimed deductions for these expenses.

C.     Travel

Petitioner claimed $4,300, $5,600, and $6,285 of travel expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively. Travel expenses may not be estimated and are subject to the specific and more stringent substantiation requirements of section 274. See sec. 274(d); Sanford v. Commissioner, 50 T.C. at 827-828. Petitioner did not submit any substantiation in support of the $6,285 of travel expense deductions claimed on his 2009 tax return. Regarding his claimed 2007 and 2008 travel expenses, petitioner submitted (1) self-prepared spreadsheets indicating the cost of ferry tickets and overnight tent lodging for his travels related to the suntanning activities of Right Connections and (2) handwritten, generic receipts documenting the cost of tent lodging, but not ferry tickets, for his suntanning activities. As to the submitted documents, we question their credibility because petitioner himself created the spreadsheets and the submitted receipts were drafted on generic, rather than customized, receipt paper and were not authenticated.[6] Accordingly, we do not accept any of the

---

[6]Attached to some, but not all, of the documents petitioner submitted as substantiation are notarized statements affirming that the "aforementioned

(continued...)

[*16] documents as credible evidence of the underlying travel expenses. Consequently, petitioner has failed to carry his burden of proving that he is entitled to the claimed deductions for travel expenses.

### D. Repairs and Maintenance

Petitioner claimed $1,650, $2,900, and $4,258 of repair and maintenance expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively. Petitioner has not offered any written substantiation, testimony, or other evidence in support of his 2009 repair and maintenance expenses. Regarding his 2007 and 2008 repair and maintenance expenses, petitioner submitted two self-created job invoices for computer repair and reconstruction. Petitioner admits that he lost the original receipts and submitted recreated job invoices. The recreated job invoices were not contemporaneous with any of the work and were signed by a former employee of the company that provided the computer services, but that former employee no longer has any

---

[6](...continued)
Statements, Ledgers, Receipts, and/or Diaries are true and genuine." However, petitioner's notarized statements only confirm that petitioner himself signed the notarized statements. They do not authenticate any of the underlying documents he created and submitted as substantiation for his expenses. Instead, we question the contemporaneity and accuracy of petitioner's self-created documents because the attached notarized statements were not notarized until July 6, 2010, more than a year after the expenses were claimed to have been incurred.

[*17] authority to bind the company. Additionally, the former employee did not appear at trial to authenticate the recreated job invoices. Accordingly, we do not accept the recreated job invoices as credible substantiation of the underlying expenses. Moreover, petitioner did not testify as to how the repair expenses were related to his alleged business. Consequently, we conclude that petitioner has failed to carry his burden of proving that he is entitled to the claimed deductions for repair and maintenance expenses.

### E. Office

Petitioner claimed $1,850, $2,800, and $6,325 of office expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively. Petitioner did not offer any written substantiation, testimony, or other evidence in support of those expenses and, therefore, has failed to carry his burden of proving that he is entitled to the claimed deductions.

### F. Legal and Professional

Petitioner claimed $12,000, $14,000, and $19,755 of legal and professional expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively. Petitioner did not offer any written substantiation, testimony, or other evidence in support of his 2009 legal and professional expenses. Regarding his claimed 2007 and 2008 legal expenses, petitioner

[*18] submitted a (1) self-created notice of legal expenses listing costs for court fees and administration, costs to prepare legal documents, and costs of labor for petitioner's pro se representation, and (2) two self-created promissory notes in which petitioner signed as both the payor, acting on behalf of Right Connections, and the payee. The notice of legal expenses does not separately document each specific court fee or document produced. Petitioner admits that his substantiation and recollection of the legal expenses "is a little murky" and that he "probably didn't break down the expense properly." Accordingly, we do not accept the notice of legal expenses and the promissory notes as credible substantiation of the underlying legal expenses. Consequently, we conclude that petitioner has failed to carry his burden of proving that he is entitled to the claimed deductions for legal and professional expenses.

G.    Advertising

Petitioner claimed $10,500, $13,100, and $17,800 of advertising expense deductions on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively. Petitioner did not offer any written substantiation, testimony, or other evidence in support of his 2009 advertising expenses. Regarding his claimed 2007 and 2008 advertising expenses, petitioner submitted two job invoices, dated March 15, 2007, and April 17, 2008, for various advertising

[*19] materials and distribution services.  However, both documents lack invoice numbers and appear to have been created by petitioner.  Moreover, the alleged invoices were signed only by petitioner and were not authenticated by a representative of the advertising company that provided the alleged services.  Accordingly, we do not accept either invoice as credible evidence of the underlying advertising expenses.  Consequently, we conclude that petitioner has failed to carry his burden of proving that he is entitled to the claimed deductions for advertising expenses.

### H.    Cost of Goods Sold

Petitioner reported $2,100, $3,050, and $3,300 of costs of goods sold on Schedules C attached to his 2007, 2008, and 2009 tax returns, respectively.  Petitioner did not offer any written substantiation, testimony, or other evidence in support of his 2009 cost of goods sold.  Regarding his claimed 2007 and 2008 costs of goods sold, petitioner submitted self-created spreadsheets of purchases that he made through PayPal.[7]  Petitioner's submissions are not official PayPal records, and they do not indicate account numbers, items ordered or sold, or even seller or buyer information beyond a PayPal identification name.  In fact, some of

---

[7]PayPal is an Internet business wholly owned by eBay, Inc, through which funds may be transferred between a buyer and seller.

[*20] the sellers or buyers, such as the ones named "the finest fragrances", "SHOES FOR AUCTION", and "Teahouse Treasures", cause us to question whether the transactions were even related to his alleged business activities performed under the trade name Right Connections. Moreover, in the spreadsheets petitioner seems to have haphazardly compiled both sales and purchases, and we are unable to distinguish the ones from the others. We do not accept petitioner's spreadsheets as credible evidence of costs of goods sold. Accordingly, we conclude that petitioner has failed to carry his burden of proving that he is entitled to the claimed costs of goods sold.

Upon the basis of the foregoing, we sustain respondent's determinations in the notice of deficiency that petitioner is not entitled to deduct any expenses pursuant to section 162 on his 2007, 2008, or 2009 tax return.

IV.  Schedule D Expenses

Section 165(a) generally permits deductions for losses sustained during the taxable year and not compensated for by insurance or otherwise. However, capital losses on the sale or exchange of capital assets are limited to the extent allowed under sections 1211 and 1212. Sec. 165(f). Subject to the limitations of section 1211, taxpayers can carry forward their capital losses to succeeding taxable years. Sec. 1212(b). Pursuant to section 1211, noncorporate taxpayers are permitted to

**[*21]** deduct losses on the sale or exchange of capital assets to the extent of the gain from such sales or exchanges, plus the lower of: (1) $3,000 ($1,500 in the case of a married individual filing separately) or (2) the excess of such losses over such gains. Sec. 1211(b). Section 1212(b)(1)(B) provides that the excess of the net long-term capital loss over the net short-term capital gain is to be treated as a long-term capital loss for the succeeding taxable year.

To be entitled to a deduction under section 165(a), a taxpayer is required to keep records to establish the loss. Sec. 6001. If a deduction is carried forward from one year to another, the taxpayer must keep records to substantiate the amount. Sec. 1.6001-1(e), Income Tax Regs. To substantiate a capital loss carryforward, the taxpayer must show: that a loss was incurred; when the loss was incurred; that the taxpayer is entitled to deduct the loss; whether the loss is capital or noncapital, or business or personal; and the amount of capital gain during the intervening years. Widemon v. Commissioner, T.C. Memo. 2004-162, 2004 WL 1559185, at *5; Meissner v. Commissioner, T.C. Memo. 1995-191, 1995 WL 243505, at *3; Aazami v. Commissioner, T.C. Memo. 1993-436, 1993 WL 369137, at *3-*4.

Petitioner claimed a $3,000 capital loss carryforward on Schedule D of each of his 2007, 2008, and 2009 tax returns. However, petitioner (1) offered no

[*22] credible evidence to substantiate the capital loss carryforwards, (2) did not address the capital loss carryforwards in his petition, in his pretrial memorandum, or during trial, and, (3) as we previously noted, failed to submit a posttrial brief. We treat the issue as conceded by petitioner. See Rule 149(b). In any event, we conclude that petitioner has failed to carry his burden of substantiating the claimed capital loss carryforwards. On the basis of the foregoing, we sustain respondent's determinations in the notice of deficiency that petitioner is not entitled to deduct any capital loss carryforward on his 2007, 2008, or 2009 tax return.

V.     Additions to Tax

For petitioner's 2007 tax year, respondent determined that petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for his failure to timely file a Federal income tax return.

Section 6651(a)(1) provides that, in the case of a failure to file a tax return on the date prescribed for filing (including any extension of time for filing), there shall be added to the tax required to be shown on the return an amount equal to 5% of that tax for each month or fraction thereof that the failure to file continues, not exceeding 25% in the aggregate. The addition to tax is mandatory unless it is shown that the failure to file is due to reasonable cause and not willful neglect. Sec. 6651(a)(1); Estate of Cavenaugh v. Commissioner, 100 T.C. 407, 426 (1993),

**[*23]** aff'd in part, rev'd in part on other grounds, 51 F.3d 597 (5th Cir. 1995).

Reasonable cause for delay is established where a taxpayer is unable to file despite the exercise of ordinary business care and prudence. Bassett v. Commissioner, 67 F.3d 29, 31 (2d Cir. 1995), aff'g 100 T.C. 650 (1993); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" has been defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). Whether a failure to file timely is due to reasonable cause and not willful neglect is a question of fact. Id. at 249 n.8; Crocker v. Commissioner, 92 T.C. 899, 913 (1989).

In the notice of deficiency, respondent determined that petitioner's 2007 tax return was received by the Internal Revenue Service on January 20, 2009, more than 11 months after the filing deadline of April 15, 2008, and determined that petitioner was liable for an addition to tax of $1,699 for petitioner's 2007 tax year. Petitioner does not contend or offer evidence to prove that the return was timely filed, that respondent incorrectly computed the addition to tax, or that his failure to file timely was due to reasonable cause. Indeed, petitioner does not address respondent's proposed addition to tax in his petition, in his pretrial memorandum, or during trial, and, as we previously noted, petitioner failed to submit a posttrial brief. We treat the issue as conceded by petitioner. See Rule 149(b).

**[\*24]** Accordingly, we sustain respondent's determination that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for his 2007 tax year.

VI.     Accuracy-Related Penalty

For each of the years in issue, respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a).

Section 6662(a) imposes an accuracy-related penalty of 20% of any underpayment that is attributable to causes specified in subsection (b).  Subsection (b) applies the penalty to any underpayment attributable to, inter alia, a "substantial understatement" of income tax.  An "understatement" is the excess of the amount of tax required to be shown on the return over the amount of tax that is actually shown on the return, reduced by any rebate.  Sec. 6662(d)(2)(A).  A "substantial understatement" of income tax exists if the amount of the understatement for the taxable year exceeds the greater of (1) 10% of the tax required to be shown on the return or (2) $5,000.  Sec. 6662(d)(1)(A).

Generally, the Commissioner bears the burden of production with respect to any penalty, including the accuracy-related penalty.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446.  However, petitioner did not address respondent's proposed accuracy-related penalties in his petition, in his pretrial memorandum, or during trial, and, as we previously noted, petitioner failed to submit a posttrial

**[*25]** brief.  See Rule 149(b).   Accordingly, we treat the issue as conceded by petitioner and we sustain respondent's determination that petitioner is liable for the accuracy-related penalties pursuant to section 6662(a) for the years in issue.

VII.   Conclusion

In sum, we conclude that (1) we have jurisdiction pursuant to section 6213(a) to consider the instant case; (2) petitioner is not entitled to deduct Schedule C expenses of $42,335, $52,150, and $67,039 for his 2007, 2008, and 2009 tax years, respectively; (3) petitioner is not entitled to deduct a Schedule D capital loss carryforward of $3,000 for any of the years in issue; (4) petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for his 2007 tax year; and (5) petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for each of the years in issue.  Consequently, we sustain respondent's determinations that petitioner is liable for income tax deficiencies, an addition to tax, and accuracy-related penalties.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

[*26] To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.