Constancio **BABILONIA** and Cleo Babilonia, Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent-Appellee.

No. 80-7403.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1982.

Decided July 16, 1982.

Brian J. Seery, Burke, Williams & Sorensen, Los Angeles, Cal., for petitioners-appellants.

Jay W. Miller, Washington, D. C., argued, for respondent-appellee; Robert T. Duffy, Washington, D. C., on brief.

Before ANDERSON, FERGUSON, and REINHARDT, Circuit Judges.

PER CURIAM:

The taxpayers, parents of Olympic figure skater Tai Babilonia, sought to deduct the cost of accompanying Tai to various international competitions as expenses incurred incident to performing a service to a charitable organization. We affirm the Tax Court's decision disallowing the deductions.

We have repeatedly held that donations to a charitable organization are deductible only if made out of a "detached and disinterested generosity." *See, e.g., Allen v. United States*, 541 F.2d 786, 787 (9th Cir. 1976). Where a contribution benefits the donor as well as the charity, the primary purpose controls. The Commissioner need not show that personal benefit is the sole motive; a contribution may not be deducted where the expectation of personal benefit is the primary motive. *Id.* at 788. The same principles govern the deduction under Treas.Reg. § 1.170A–1(g) of expenses incurred in performing services for a charity. *See Sheffels v. United States*, 264 F.Supp. 85 (E.D.Wash.1967), *aff'd*, 405 F.2d 924 (9th Cir. 1969) (expressly adopting reasoning of district court); *Tate v. Commissioner*, 59 T.C. 543 (1973); *Saltzman v. Commissioner*, 54 T.C. 722 (1970).

Here, the Tax Court found that the taxpayer's primary motive was to advance their daughter Tai's career. This determination is a finding of fact, which may be set aside only if clearly erroneous. *See Allen*, 541 F.2d at 787; *Collman v. Commissioner*, 511 F.2d 1263, 1267 (9th Cir. 1975); *De Jong v. Commissioner*, 309 F.2d 373, 378–79 (9th Cir. 1962).

The Tax Court's factual determination is not clearly erroneous. We believe it is more likely that the taxpayers were motivated primarily by concern for their daughter than by an interest in the Olympic Team in general. Nor do we believe that the Tax Court's factual determination is inconsistent with prior decisions.

The taxpayers also argue that the expenditures should be deductible because they could have been excluded if reimbursed. This argument is unpersuasive. The authorities cited by the taxpayers do not demonstrate the expenses here would be excludable or deductible. Equally without merit is the taxpayer's contention that the Commissioner improperly argued for the first time in his posttrial brief that the expenditures were motivated by a desire to further Tai's career. This argument was merely a variation of the Commissioner's trial argument that the expenses were for Tai's highly commendable personal benefit.

The commendable sacrifices Tai's parents made to further her remarkable career are not deductible expenditures under current law.

The judgment is

AFFIRMED.