T.C. Memo. 2011-216


UNITED STATES TAX COURT


ALBERT FERNANDEZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21646-08.          Filed September 1, 2011.


Albert Fernandez, pro se.

Lisa M. Goldberg, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, Special Trial Judge:  In a notice of deficiency dated June 2, 2008, respondent determined a deficiency in petitioner's 2005 Federal income tax and imposed additions to tax as follows:[1]

_____

[1]Unless otherwise indicated, section references are to the
                                        (continued...)

Additions to Tax

| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|---|---|---|---|
| $39,716 | $8,936.10 | $4,765.92 | $1,593.09 |

With the exception of the above-listed additions to tax, issues relating to adjustments made in the notice of deficiency have been resolved by the parties. The issues addressed in this opinion arise from items shown on a 2005 Federal income tax return petitioner submitted to respondent after the notice of deficiency was issued. Those issues are: (1) Whether petitioner is entitled to a charitable contribution deduction in excess of the amount now allowed by respondent; (2) whether petitioner is entitled to trade or business expense deductions in excess of the amounts now allowed by respondent; and (3) whether petitioner is liable for any of the additions to tax shown in the above table.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

Petitioner is a self-employed, licensed clinical social worker and psychotherapist. For the most part, the services he provided to his patients during 2005 were conducted at various

---

[1](...continued)
Internal Revenue Code of 1986, as amended, in effect for 2005. Rule references are to the Tax Court Rules of Practice and Procedure.

assisted living facilities in southern Florida. On any given day, he routinely drove from one facility to another in order to do so. Petitioner maintained offices at some of these facilities. Some of the facilities charged rent; others did not. Petitioner did not maintain a separate checking account for his business; personal and business expenses were paid from the same account.

Petitioner's 2004 Federal income tax return was timely filed. That return shows an $8,323.14 Federal income tax liability.

On or about December 1, 2009, after respondent had prepared a section 6020(b) return and on a date more than 1 year after the petition in this case was filed, petitioner submitted to respondent a long-overdue 2005 Federal income tax return. The return, prepared by a paid Federal income tax return preparer, includes a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss From Business. Income and deductions attributable to the services petitioner provided as a psychotherapist are reported on the Schedule C.

As relevant here, the Schedule A includes a $2,031 deduction for charitable contributions, and the Schedule C includes the following deductions:

| Expense | Amount |
|---|---|
| Car and truck | $18,303 |
| Depreciation and section 179 | 4,400 |
| Insurance (other than health) | 3,247 |
| Legal and professional services | 6,650 |
| Office | 1,419 |
| Rent or lease of other business property | 5,100 |
| Repairs and maintenance | 2,554 |
| Supplies | 2,010 |
| Travel | 1,006 |
| Deductible meals and entertainment | 2,786 |
| Other | 26,009 |

The deduction for other expenses includes: (1) $12,782 for billing services, (2) $5,368 for phone and cellular service fees, (3) $720 for Sunpass fees, (4) $6,000 for consultant fees, (5) $719 for bank charges, and (6) $420 for membership fees.

Respondent now agrees that petitioner is entitled to deduct portions of some of the above-shown expenses, as will be further discussed below.

OPINION

According to respondent, petitioner is not entitled to the deductions, or the portions of deductions, that remain in dispute because petitioner has failed to substantiate the expenses to which the deductions relate. Petitioner claims that he is entitled to all of the deductions mentioned above in the amounts shown on his return. According to petitioner, many of the records that would have substantiated those deductions were either destroyed or damaged because of flooding.

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[2] This burden requires the taxpayer to establish that the expense to which the deduction relates is allowable as a deduction under some provision of the Internal Revenue Code and further to maintain adequate records in order to substantiate that the expense has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.  If a taxpayer's records are no longer available on account of circumstances beyond the taxpayer's control, such as a fire, flood, or other casualty, then the taxpayer is expected to substantiate deductions by records reconstructed through contacts with third parties and other reasonable means.  Gizzi v. Commissioner, 65 T.C. 342, 345 (1975).

If a taxpayer establishes that a trade or business expense allowable as a deduction under section 162(a) has been paid or incurred, but has no records to substantiate the payment of the

_____

[2]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

expense, we may approximate the amount of the allowable deduction if there is sufficient evidence to provide a basis for the estimate.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Allowance of a deduction for an expense subject to the strict substantiation requirements of section 274(d), however, may not be based upon an estimate.  See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Taking these fundamental principles into account, we turn our attention to the deductions remaining in dispute.

Charitable Contribution Deduction

Section 170 allows deductions for contributions made during a taxable year to qualifying organizations.  Cash contributions must be substantiated by:  (1) Canceled checks, (2) receipts from the donee (showing the donee's name and the date and amount of the donation), or (3) other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.  In general, gifts of property must be substantiated by receipts from the donee showing the donee's name, the date and location of the contribution, and a description of the property contributed.  Sec. 1.170A-13(b)(1), Income Tax Regs.  For charitable contributions over $250, additional substantiation is required.  Sec. 170(f)(8).

Petitioner claimed a $2,031 charitable contribution deduction on the Schedule A attached to his 2005 Federal income tax return. Respondent now concedes that petitioner is entitled to a $1,107 charitable contribution deduction. Other than his uncorroborated testimony on the point, which we are free to disregard, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), petitioner has failed to produce any canceled checks, receipts, or other reliable documents either originally maintained or reconstructed that substantiate any contributions in excess of the amount now allowed by respondent. Accordingly, petitioner's allowable charitable contribution deduction for 2005 is limited to the amount respondent now concedes.

Schedule C Deductions

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

Although respondent has conceded that petitioner is entitled to some of the expense deductions, a few remain in dispute, and we address those below.

1.  <u>Vehicle Expenses, Travel, and Meals and Entertainment</u>

Section 274(d) imposes strict substantiation requirements with respect to deductions for travel, meals, entertainment, and "listed property" expenses.  Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  "Listed property" includes passenger automobiles and cellular telephones.  Sec. 280F(d)(4)(A)(i), (v).

If otherwise deductible, then expenses subject to section 274(d) must be substantiated either by adequate records or by sufficient evidence corroborating the taxpayer's own statement showing:  (A) The amount of the expense; (B) the time and place the expense was incurred; (C) the business purpose of the expense; and (D) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.  For "listed property" expenses, in addition to the recordkeeping requirements in section 274(d), the taxpayer must establish the amount of business use and the amount of total use for such property.  See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner testified that he routinely drove from one assisted living facility to another on any given day in order to treat his patients, and we have no doubt that he did.  However, it does not appear that he kept any contemporaneous records showing the dates and locations of his many trips between those

facilities.  If he kept such records, he did not present them to the Court; and if such records were kept but damaged or destroyed in a flood, he made no attempt to reconstruct them.  Petitioner failed to present sufficient evidence substantiating the deductions claimed for vehicle, travel, and meals and entertainment expenses.  Pursuant to section 274(d), no deductions are allowable for those expenses.  Expenses attributable to the use of a cellular telephone are addressed elsewhere in this opinion.

2.  <u>Depreciation and Depreciation Deduction</u>

There is allowed as a depreciation deduction a reasonable allowance for the exhaustion and wear and tear (including obsolescence) of property used in a trade or business.  Sec. 167(a).  As relevant here, the basis for depreciation is the cost of the property.  Secs. 167(c), 1011.

According to the Schedule C, the $4,400 depreciation deduction here in dispute is attributable to the purchase of $22,000 of office furniture placed in service during 2005.  The evidence, however, shows purchases of office furniture totaling only $11,000.  Taking into account the method of depreciation contemplated on the Schedule C, petitioner's allowable depreciation deduction is computed with reference to property with an $11,000 basis.

3.  Insurance Expenses

Petitioner claims entitlement to a $3,247 deduction for insurance (other than health) expenses.  At trial petitioner testified that this expense relates to the cost of automobile insurance and malpractice insurance, but he could not specify what portion of the expense is attributable to automobile insurance and what portion is attributable to malpractice insurance.  Neither did he provide any substantiating records either originally maintained or reconstructed with regard to these expenses even though it would seem that in the absence of a taxpayer's own records, payments made to an insurance company could be easily substantiated by the records of the insurance company.  Accordingly, petitioner is not entitled to deduct any amount related to automobile insurance.[3]  Although it is more likely than not that petitioner incurred some expense for malpractice insurance, because he did not present sufficient evidence to allow the expense to be estimated, see Vanicek v. Commissioner, 85 T.C. at 743, he is not entitled to deduct any amount attributable to the cost of malpractice insurance.

---

[3]Passenger automobiles are included as listed property under sec. 280F(d)(4)(A)(i), and related expenses, including automobile insurance, are therefore subject to the stringent substantiation requirements of sec. 274(d), which petitioner did not satisfy.

4. Legal and Professional Services

On the Schedule C petitioner claims a $6,650 deduction for legal and professional services. Other than to note that he "paid for the preparer to make the tax return", petitioner had a difficult time explaining the specific expenses included in this deduction. At the suggestion of the Court, he agreed that it might have included consultation fees paid to other medical service providers in connection with some of his patients. He first testified that the consultations were free, but later testified that fees were charged. We note that petitioner also included amounts for "consulting fees" in the deduction for "other expenses" discussed later in this opinion. In any event he provided no substantiating documents to support the deduction; and because his recollection on the point is less than definite, we find that he is not entitled to a deduction for expenses related to legal and professional services.

5. Office Expenses

On Schedule C petitioner deducted $1,419 for office expenses. Petitioner's vague testimony regarding the items included in this deduction was not much better than his explanation of many of the other deductions here under consideration. However, from what little information he provided, we are satisfied that the amount deducted, measured against the income earned, is reasonable. See Cohan v.

Commissioner, 39 F.2d at 543-544; Vanicek v. Commissioner, supra at 743. Petitioner is entitled to a $1,419 deduction for office expenses.

### 6. Rent or Lease of Other Business Property

On Schedule C petitioner deducted $5,100 for rent or lease of other business property. Again petitioner's testimony with respect to this deduction was not as specific as we would like, but we are satisfied that he paid rent for some of the offices that he maintained at some of the assisted living facilities where he treated his patients. We find that petitioner is entitled to a $4,000 deduction for rent or lease of other business property. See Cohan v. Commissioner, supra at 543.

### 7. Repairs and Maintenance

On Schedule C petitioner deducted $2,554 for repairs and maintenance. Petitioner did not provide any substantiating records with regard to this deduction, but he testified that some portion of this deduction relates to the cost of repairs made to a bicycle owned or used by one of his patients. Petitioner has failed to demonstrate, and we are at a loss to recognize on our own, the connection between the expenditure and petitioner's trade or business. As best we can tell from what has been presented, the cost of the repairs to the bicycle is a personal, nondeductible expense. See sec. 262. Furthermore, because

petitioner did not present sufficient evidence for the Court to determine what other expenditures might be included in the deduction or how those expenditures relate to his trade or business, petitioner is not entitled to a deduction for repairs and maintenance.

8. Supplies

On Schedule C petitioner deducted $2,010 for supplies. Petitioner did not provide any substantiating records with regard to this deduction but testified that this expense relates to the purchase of supplies for patient care, including, but not limited to: (1) Computer supplies; (2) reference materials; (3) textbooks; and (4) professional periodicals. Measuring this expense against the income earned in his trade or business, we find that petitioner is entitled to a $2,010 deduction for supplies. See Cohan v. Commissioner, supra at 543.

9. Other Expenses

On Schedule C petitioner deducted $26,009 for other expenses attributable to: (1) Billing services ($12,782);[4] (2) phone and cellular service fees ($5,368); (3) Sunpass fees ($720); (4) consultant fees ($6,000); (5) bank charges ($719); and (6) membership fees ($420).

---

[4]Because the parties now agree that petitioner is entitled to a deduction for this expense in an amount that exceeds the amount shown on his return, further discussion is not required.

### a. Phone and Cellular Service Fees

In support of his claim to a deduction for phone and cellular service fees petitioner presented account statements from T-Mobile and BellSouth. The statements for several months of the year are missing, but the statements presented show charges totaling $2,273.82. To the extent attributable to the use of a cellular telephone, the statements sufficiently substantiate the payment of the fees as required by section 274(d). Nevertheless, petitioner made no attempt to distinguish between personal use and business use for any charges shown on any of the statements, and we have insufficient information to formulate a reasonable allocation. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra. Consequently, petitioner is not entitled to a deduction for phone and cellular service fees. See sec. 262.

### b. Sunpass Fees

According to petitioner the Sunpass charges were incurred during the many trips he made between assisted living facilities in order to treat his patients. As stated above, expenses related to passenger automobiles, including expenses for highway tolls, are subject to the stringent substantiation requirements of section 274(d). Petitioner did not provide any substantiating records either originally maintained or reconstructed with

respect to these expenses.  Accordingly, petitioner is not entitled to a deduction for Sunpass fees.

### c.  Consultant Fees

According to petitioner, he paid consulting fees to various professional and administrative assistants.  He provided no substantiating documents, either originally maintained or reconstructed, and did not identify any specific individual to whom the fees might have been paid.  Petitioner is not entitled to a deduction for fees paid to consultants in excess of the amount now conceded by respondent.

### d.  Bank Charges

The deduction for bank charges relates to fees petitioner paid in connection with a checking account used for both personal and business reasons.  He made no attempt to allocate between personal and business use.  Petitioner is not entitled to a deduction for bank charges in excess of the amount allowed by respondent.

## Additions to Tax

The burden of production with respect to the imposition of each addition to tax rests with respondent.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  With respect to the section 6651 additions to tax, respondent's burden does not require him to establish the absence of reasonable cause.  See id. at 447; Davis v. Commissioner, 81 T.C. 806, 820

(1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).

1.  Section 6651(a)(1)

Petitioner's 2005 return was due to be filed on or before April 17, 2006, but it was not submitted for filing until on or about December 1, 2009.  See secs. 6072(a), 7503.  Consequently, respondent imposed a section 6651(a)(1) addition to tax.

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and is not due to willful neglect.  See also United States v. Boyle, 469 U.S. 241, 245 (1985); Harris v. Commissioner, T.C. Memo. 1998-332.  Section 6651(a)(1) imposes an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent in the aggregate.

Respondent's records demonstrate that petitioner's return was not timely filed, and petitioner does not dispute the point. Respondent's section 7491(c) burden of production has been met with respect to the imposition of the section 6651(a)(1) addition to tax, and because petitioner has failed to demonstrate that his failure timely to file his 2005 return was due to reasonable cause, respondent's imposition of a section 6651(a)(1) addition to tax is sustained.

2.  Section 6651(a)(2)

In general, section 6651(a)(2) provides for an addition to tax in the case of the failure to pay an amount of tax shown on a return unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.  The section 6651(a)(2) addition to tax accrues at the rate of 0.5 percent per month of the unpaid amount until the maximum 25 percent is reached.

Under section 6651(g)(2), a return the Commissioner prepares under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining the amount of the addition to tax under section 6651(a)(2).  The section 6020(b) return respondent prepared constitutes petitioner's 2005 return for purposes of section 6651(a)(2), and petitioner does not suggest otherwise.

To prove reasonable cause for a failure to pay the tax, the taxpayer must show that he or she exercised ordinary business care and prudence in providing for payment of the tax and nevertheless was either unable to pay the tax or would suffer undue hardship if he or she paid the tax on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner did not provide any explanation as to why he failed to pay the amount of tax shown on the return and therefore did not establish that the failure is due to reasonable cause and

not due to willful neglect. Respondent's imposition of the section 6651(a)(2) addition to tax for 2005 is sustained.

    3.  Section 6654

Section 6654 imposes an addition to tax on an individual taxpayer who underpays his estimated tax. That addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c)(1); Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). Each required installment of estimated tax must equal 25 percent of the "required annual payment" to avoid an addition to tax under section 6654. Sec. 6654(d)(1)(A). As relevant here, the required annual payment is equal to the lesser of (i) 90 percent of the tax shown on the taxpayer's return for that year (or, if no return is filed, 90 percent of the tax due for such year), or (ii) 100 percent of the tax shown on the taxpayer's return for the preceding taxable year.[5] Sec. 6654(d)(1)(B).

The Commissioner's burden of production under section 7491(c) requires him to produce, for each year for which the addition to tax is asserted, evidence that the taxpayer had a required annual payment under section 6654(d). In order to do so he must demonstrate the tax shown on the taxpayer's return for

---

[5]Clause (ii) does not apply if the individual did not file a return for the preceding taxable year.

the preceding year, unless he can show that the taxpayer did not file a return for that preceding year.  Wheeler v. Commissioner, supra at 210-212.  Petitioner filed a 2004 return, and that return shows an income tax liability of $8,323.14.

A section 6654 addition to tax is imposed on an individual taxpayer who fails to make timely payments of estimated tax unless the taxpayer demonstrates that one of the computational exceptions provided for in subsection (e) is applicable. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Nothing in the record suggests that any exception is applicable. Accordingly, respondent's imposition of a section 6654 addition to tax is sustained.

To reflect the foregoing,

Decision will be entered
under Rule 155.