T.C. Summary Opinion 2018-11

UNITED STATES TAX COURT

RON WILLIAM THOMPSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19372-16S.                          Filed March 12, 2018.

Ron William Thompson, pro se.

Jeri L. Acromite and Miles B. Fuller, for respondent.

SUMMARY OPINION

LAUBER, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursu-

_____

[1]All statutory references are to the Internal Revenue Code (Code) in effect
for the tax year in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure. We round all monetary amounts to the nearest dollar.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

With respect to petitioner's Federal income tax for 2013, the Internal Revenue Service (IRS or respondent) determined a deficiency of $2,962. This deficiency is attributable to the disallowance of miscellaneous deductions that petitioner claimed on Schedule A, Itemized Deductions. Finding that he has substantiated the underlying expenses in part, we will sustain the deficiency in part.

## Background

The parties filed a stipulation of facts that is incorporated by this reference. Petitioner resided in Arizona when he timely petitioned this Court.

Petitioner is a biologist who was semi-retired during 2013. He specializes in the ecology and predatory habits of mountain lions (and to a lesser extent, jaguars and pumas) in desert areas of Mexico, New Mexico, and Texas. One issue of interest to him is the extent to which these predators prey on livestock as opposed to wild animals such as deer, elk, and rabbits. Needless to say, this issue is also of concern to ranchers who own livestock in these areas.

Petitioner engages in field research concerning birth rates, survival, population density, migratory patterns, and predatory habits of mountain lions and jaguars near the U.S.-Mexico border. He and his fellow researchers seek to do this in

various ways. One technique involves installation of stationary cameras that track the animals' activity at key locations. Another technique involves catching and sedating the animals, then putting radio-collars around their necks by which their activities can be tracked using GPS monitoring. Petitioner has published a number of scholarly articles documenting the results of his research.

Petitioner engaged in his research under the auspices of two universities: Sul Ross State University (Sul Ross) in Alpine, Texas, and the University of Arizona in Tucson, Arizona. Petitioner made numerous trips to Mexico, Texas, and New Mexico in conducting his research. He made these trips to assist in setting up cameras and collaring mountain lions and jaguars, meeting with ranchers who had lost livestock, visiting ranches to observe killed prey, meeting with researchers in Mexico, and training graduate students from Mexico City.

Petitioner timely filed, jointly with his wife, Form 1040, U.S. Individual Income Tax Return, for the 2013 tax year.[2] As relevant here, he reported wage income of $7,500 from Sul Ross and included a Schedule C, Profit or Loss from Business, for an activity described as "border study." He reported on Schedule C gross receipts of $17,167, apparently reflecting a contract fee or grant from one of

---

[2]Petitioner's wife, Brenda L. Thompson, did not join the petition seeking redetermination of the deficiency and is not a petitioner in this Court.

the universities that supervised his research. The only expenses reported on his Schedule C were car and truck expenses of $11,865, reflecting a mileage allowance of $0.565 per mile for 21,000 business miles driven on a vehicle placed in service on January 1, 2002. Respondent has not questioned the deduction for petitioner's Schedule C vehicle expense.

Separately, petitioner reported on Schedule A miscellaneous expenses of $21,643. These consisted of $17,918 of unreimbursed employee business expenses (including $12,882 of car and truck expenses); $150 of tax preparation fees; and $3,575 of "other expenses." The "other expenses" included union and professional dues of $89, equipment expenses of $2,465, and expenses of $1,021 somehow related to mountain lions. After applying the 2% floor prescribed by section 67(a), petitioner claimed a miscellaneous itemized deduction of $19,733.[3] In a timely notice of deficiency the IRS disallowed this deduction in full for lack of substantiation. Petitioner timely petitioned for redetermination.

---

[3]Petitioner included with his 2013 return a Schedule E, Supplemental Income and Loss, reporting a nonpassive loss of $2,049 attributable to his distributive share of a loss incurred by Primero Conservation Outfitters LLC. Although that entity also had activities in Mexico, petitioner credibly testified that all of its income and expenses were reported on its Form 1065, U.S. Return of Partnership Income, and that none of the expenses at issue here were connected with its activities.

## Discussion

A.    Governing Statutory Framework

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Deductions are a matter of legislative grace; the taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of expenses underlying claimed deductions. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. The failure to keep and present accurate records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, 108 T.C.M. (CCH) 39, 43.

Section 274(d) imposes relatively strict substantiation requirements for deductions claimed for (among other things) "listed property." Listed property includes any "passenger automobile." Sec. 280F(d)(4). No deduction is allowed

under section 274(d) unless the taxpayer substantiates, by adequate records or by sufficient evidence corroborating his own statements, the amount, time and place, and business purpose for each expenditure. Sec. 1.274-5T(a), (b), and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

B.    Analysis

Respondent conceded at trial that petitioner had substantiated payment of $150 for tax preparation fees. We find that the balance of the expenses at issue, or $21,493, although reported on Schedule A as miscellaneous deductions, actually related to petitioner's Schedule C business of researching predator activity along the U.S.-Mexico border.[4] We find that he has substantiated these expenses in part.

1.    Car and Truck Expenses

Because passenger automobiles constitute "listed property," petitioner's reported car and truck expenses are subject to the heightened substantiation requirements described above. See Fernandez v. Commissioner, T.C. Memo. 2011-216, 102 T.C.M. (CCH) 242, 244. To satisfy these requirements, the taxpayer generally must keep a contemporaneous mileage log or a similar record, such as a diary or

---

[4]The mischaracterization of these expenses may be attributable to the fact that petitioner's longstanding return preparer died while the 2013 return was being prepared. Petitioner explained that "a lot of these figures were moved around" as a result and that he was "not entirely comfortable with which schedule they supposedly went on."

trip sheets, that substantiates the extent to which the vehicle was actually used for business rather than personal purposes. See Michaels v. Commissioner, 53 T.C. 269, 275 (1969); Flake v. Commissioner, T.C. Memo. 2014-76, 107 T.C.M. (CCH) 1399, 1401-1402; sec. 1.274-5T(c), Temporary Income Tax Regs., supra. Lacking contemporaneous records, the taxpayer must produce other credible evidence sufficient to corroborate his own statements concerning business use. Ibid.

Petitioner reported $12,882 of vehicle costs as an unreimbursed employee business expense. We find that no portion of this amount is deductible, for two reasons. First, petitioner maintained no contemporaneous mileage log or similar records of his travel. Rather, he estimated the mileage to three destinations--Moctezuma, Mexico; Las Cruces, New Mexico; and Alpine, Texas--and multiplied that mileage by the number of trips he thought he had taken to each destination.

Second, and more importantly, we find that the mileage deduction petitioner claimed on Schedule A duplicates the mileage deduction that he claimed (and the IRS allowed) on Schedule C. On Schedule A he reported vehicle expenses of $12,882, reflecting 22,800 business miles driven in a vehicle placed in service on January 1, 2002. On Schedule C he reported vehicle expense of $11,865, reflecting 21,000 business miles driven in a vehicle placed in service on January 1, 2002. The trips for which he claimed a mileage allowance deduction on Schedule A,

moreover, were to the same destinations in Mexico, New Mexico, and Texas that were logical destinations for his Schedule C "border study" activity. For these reasons, we conclude that petitioner has not substantiated any car and truck expenses beyond those the IRS has already allowed on Schedule C.

2. Travel Expenses

The $5,036 balance of the expenses petitioner categorized as unreimbursed employee business expenses chiefly reflected costs incurred during his research-related trips to Mexico, on which his wife occasionally accompanied him. These expenses included the cost of hotels, restaurant meals, camping equipment, food consumed while "camping out," and jaguar-themed hats for Mexican research participants. After a careful review of the record evidence, we find that petitioner has substantiated $2,650 of deductible Schedule C expenses in these categories.

3. Other Expenses

The $3,575 balance of the claimed miscellaneous expenses chiefly reflected other costs petitioner incurred during his predator monitoring activity. At trial he documented $4,019 of such expenses for 2013: $1,749 for the purchase of wildlife cameras and $2,270 for satellite phone rental and service (which we find to

have been an ordinary and necessary expense in remote desert areas of Mexico).[5]
We find that petitioner is entitled to Schedule C deductions for these amounts.

In sum, we find that petitioner has substantiated $150 of miscellaneous expenses (for tax return preparation) and, in addition to the $11,865 of vehicle costs he originally reported, $6,669 of expenses connected with his Schedule C business, namely $2,650 for travel expenses in Mexico and $4,019 for satellite phone rental and service and the purchase of research-related wildlife cameras. We sustain respondent's disallowance of the remaining miscellaneous itemized deductions.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[5]At trial petitioner produced five invoices for satellite phone expenses that together totaled $2,826. However, one invoice, in the amount of $556, was not issued until January 13, 2014. Petitioner provided no evidence that he paid this invoice in 2013. Accordingly, the expenses reflected on that invoice would be deductible (if at all) in a subsequent tax year.