T.C. Memo. 2018-44

UNITED STATES TAX COURT

RAYMOND EDWARDS AND ROSA EDWARDS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12651-16.                        Filed April 4, 2018.

Raymond Edwards and Rosa Edwards, pro sese.

<u>Nancy M. Gilmore</u> and <u>David A. Indek</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioners' Federal income tax for 2012, 2013, and 2014, the Internal Revenue Service (IRS or respondent) determined deficiencies of $3,987, $4,796, and $4,707, respectively.  The IRS also determined

[*2] for 2012 a late-filing addition to tax of $314 under section 6651(a)(1).[1]  After

concessions,[2] we must decide whether petitioners are entitled to deductions

claimed on Schedule A, Itemized Deductions, for unreimbursed employee busi-

ness expenses in excess of the amounts the IRS allowed.  Resolving this question

in respondent's favor, we will sustain the deficiencies he has determined.

FINDINGS OF FACT

The parties filed two stipulations of facts that are incorporated by this refer-

ence.  Petitioners resided in Maryland when they timely petitioned this Court.

During the tax years in issue Mr. Edwards worked as a transportation sys-

tems supervisor for the Maryland Department of Transportation (MDOT).  For all

three years he also served as the president of the American Federation of State,

County, and Municipal Employees (AFSCME) Local 631, a labor union.  Mrs.

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2]At trial petitioners conceded:  (1) that they received but failed to report taxable interest income of $43, $72, and $25 for 2012, 2013, and 2014, respectively; (2) that they received but failed to report a taxable refund of State income tax of $3,041 for 2013; and (3) that respondent properly disallowed itemized deductions for personal property taxes of $380 and $190 for 2012 and 2014, respectively.  Petitioners stipulated that they "late filed their 2012 return," and they did not challenge, in their petition or at trial, respondent's determination of a late-filing addition to tax for 2012.  We accordingly deem them to have conceded the $314 addition to tax for that year.  See Rule 34(b)(4).

[*3] Edwards worked as a human resources officer for the Central Intelligence Agency (CIA).

Mr. Edwards' job involved responding to emergencies, such as floods and hurricanes, that could adversely affect Maryland's transportation systems. He was responsible for supervising communications (e.g., emergency broadcasts and police transmissions) and for assigning personnel and equipment to disaster locations. When an emergency occurred, he was usually required, at any time of day or night, to travel to the site to supervise the activities of the first responders. MDOT generally reimbursed its employees for meals consumed on trips involving overnight travel and for certain meals consumed during unusually long workdays.

In his capacity as president of AFSCME Local 631, Mr. Edwards was responsible for arranging meetings, conferences, and social events. When doing so he was sometimes required to make deposits for restaurant and hotel space. His services for AFSCME required travel to various locations in southern Maryland, including Annapolis, where he occasionally met with elected officials. He also traveled to attend AFSCME national conventions. The union reimbursed him for hotel and air travel expenses.

Petitioners jointly filed Forms 1040, U.S. Individual Income Tax Return, for 2012-14. They filed their 2012 return late, on October 23, 2012, and they filed

[*4] their 2013 and 2014 returns on time. On these returns they claimed itemized deductions on Schedule A for unreimbursed employee business expenses as follows:

| Year | Amount |
|------|--------|
| 2012 | $22,472 |
| 2013 | 26,186 |
| 2014 | 26,785 |

The IRS selected petitioners' 2012-14 returns for examination. After receiving substantiating documentation, the IRS allowed portions of Mr. Edwards' claimed deductions as follows:

| Item | 2012 | 2013 | 2014 |
|------|------|------|------|
| Union dues | $493 | $515 | $502 |
| Vehicle expenses | 604 | 615 | 609 |
| P.O. box rental | 72 | 72 | 72 |
| Cell phone | 21 | 21 | 21 |
| Other business expenses | 2,445 | -0- | 1,053 |
| Total | 3,635 | 1,223 | 2,257 |

On March 1, 2016, the IRS sent petitioners a timely notice of deficiency disallowing the balance of their claimed deductions for unreimbursed employee business expenses. They timely petitioned this Court for redetermination of the deficiencies.

**[*5]**                                    OPINION

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Deductions are a matter of legislative grace; the taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of expenses underlying claimed deductions. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. The failure to keep and present accurate records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, 108 T.C.M. (CCH) 39, 43.

Section 274(d) imposes relatively strict substantiation requirements for deductions claimed for (among other things) "listed property." Listed property includes any "passenger automobile." Sec. 280F(d)(4). No deduction is allowed

[*6] under section 274(d) unless the taxpayer substantiates, by adequate records or by sufficient evidence corroborating his own statements, the amount, time, place, and business purpose for each expenditure.  Sec. 1.274-5T(a), (b), and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The IRS disallowed deductions of $18,837, $24,963, and $24,529 for 2012, 2013, and 2014, respectively.  Of these amounts, $11,011, $12,600, and $13,370, respectively, were claimed on Forms 2106-EZ, Unreimbursed Employee Business Expenses, for Mrs. Edwards' business as a CIA employee.[3]  At trial she conceded that the CIA reimbursed her for all out-of-pocket expenses, so that none of the expenses reported for her was properly deductible.  The deductions remaining in dispute--$7,826, $12,363, and $11,159 for 2012, 2013, and 2014, respectively--were claimed on Forms 2106, Employee Business Expenses, for Mr. Edwards.

[3]Petitioners were unable to produce a copy of their 2012 return, and respondent was able to secure only a tax return transcript, rather than an original copy, of the 2012 return.  The tax return transcript shows only the total amount of unreimbursed employee business expenses reported, $22,472, rather than the amount for each spouse.  For 2013 and 2014 the percentage of petitioners' unreimbursed employee business expenses reported on Mrs. Edwards' Forms 2106-EZ was roughly 49%.  We have assumed that the same percentage was allocable to her for 2012.

**[\*7]**  A.  Car and Truck Expenses

Mr. Edwards claimed vehicle costs--comprising mileage allowances, parking, and tolls--in connection with his business as a MDOT employee and also in connection with his business as president of AFSCME Local 631.[4]  In 2013, for example, he reported that he had driven 10,500 business miles (out of 14,000 total miles driven in that vehicle), generating vehicle costs of $4,955 (at $0.565 per mile).  He also reported expenses of $800 for parking and tolls.  The examining agent for 2013 allowed him to deduct a mileage expense of $615, representing 1,088 business miles, and no expense for parking and tolls.

Because passenger automobiles constitute "listed property," Mr. Edwards' reported car and truck expenses are subject to the heightened substantiation requirements described above.  See Fernandez v. Commissioner, T.C. Memo. 2011-216, 102 T.C.M. (CCH) 242, 244.  To satisfy these requirements, the taxpayer generally must keep a contemporaneous mileage log or a similar record, such as a diary or trip sheets, that substantiates the extent to which the vehicle was actually used for business rather than personal purposes.  See Michaels v. Commissioner,

---

[4]Petitioner submitted no testimony or other evidence to establish that he was compensated for his service as president of AFSCME Local 631.  If he received no compensation, this would be an "activity * * * not engaged in for profit," and any expenses he incurred in connection therewith would be nondeductible for that reason.  See sec. 183(a), (b)(2).

**[\*8]** 53 T.C. 269, 275 (1969); Flake v. Commissioner, T.C. Memo. 2014-76, 107 T.C.M. (CCH) 1399, 1401-1402. Lacking contemporaneous records, the taxpayer must produce other credible evidence sufficient to corroborate his own statements concerning business use. Sec. 1.274-5T(c), Temporary Income Tax Regs., supra.

We find that petitioners have failed to carry their burden of proving that Mr. Edwards incurred deductible car and truck expenses in excess of the amounts respondent has allowed. Mr. Edwards' claimed mileage seems implausible on its face: Since he used the car for personal purposes and for daily commuting, we did not find persuasive the assertion that 75% of the miles driven during 2013 (10,500 ÷ 14,000) were business related. In any event, petitioners failed to submit for any year at issue any form of documentation, such as mileage logs, odometer readings, diaries, or trip sheets, to substantiate the extent to which the vehicle was actually used for business rather than personal purposes.[5] Petitioners accordingly have not met the strict requirements of section 274(d) for substantiating expenses attributable to listed property.

---

[5]Petitioners submitted some receipts for parking and tolls but supplied no evidence linking those costs to any business activity. Petitioners also submitted receipts for gasoline purchases, but gasoline costs are subsumed within the mileage allowance. See Rev. Proc. 2010-51, sec. 4.02, 2010-51 I.R.B. 883, 884.

**[*9]** B.   <u>Other Employee Expenses</u>

The bulk of Mr. Edwards' other expenses were reported on line 4 of Form 2106, which covers business expenses other than vehicle costs, meals, entertainment, and travel expenses incurred while away from home overnight.  Petitioners did not specify the nature of the reported expenses on the attachments to their returns.  And Mr. Edwards' trial testimony on this point was vague.  He stated that, in his capacity as president of AFSCME Local 631, he sometimes had to make deposits for hotel and restaurant space.  The record does contain several checks signed by Mr. Edwards and made out to hotels, but all of these checks were drawn on an AFSCME Local 631 bank account.

The examining agent allowed deductions of $2,445 and $1,053 for other unreimbursed employee business expenses Mr. Edwards paid in 2012 and 2014, respectively.  As far as we can tell, these allowances appear generous.  After careful review of the record evidence, we have discerned no substantiation for unreimbursed employee business expenses beyond the amounts the IRS has allowed.[6]

---

[6]The parties submitted a second stipulation of facts that included additional documents proffered by petitioners by way of substantiation.  Three of these documents related to home mortgage interest.  Far from questioning petitioners' itemized deductions for home mortgage interest, the notice of deficiency for each year

(continued...)

- 10 -

**[\*10]**  To implement the foregoing,

Decision will be entered for

respondent.

---

[6](...continued)
allowed <u>increased</u> deductions in excess of $3,000.  Most of the other documents
petitioners included in the second stipulation of facts were illegible.